**DALTON'S BEST MAID PRODUCTS, INC., Appellant,**

v.

**HOUSTON GENERAL INSURANCE COMPANY, Appellee.**

No. 2–92–220–CV.

Court of Appeals of Texas, Fort Worth.

June 8, 1993.

Pope, Hardwicke, Christie, Harrell, Schell & Kelly, L.L.P., George F. Christie and Scott L. Stebler, Fort Worth, for appellant.

Cantey & Hanger, L.L.P., Brenda Neel Hight, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

HILL, Chief Justice.

Dalton's Best Maid Products, Inc., appeals from a summary judgment declaring that Houston General Insurance Company, the appellee, had no duty to defend nor to indemnify Best Maid with respect to a lawsuit filed by Danny Clark and his wife Vicki against Best Maid. The lawsuit arose from an incident in which Danny Clark, while working in the course and scope of his employment with Best Maid, injured himself when he got his arm caught in a cucumber harvester. Best Maid contends in four points of error that the trial court erred by granting summary judgment in favor of Houston General and by not granting Best Maid's motion for summary judgment.

We affirm the judgment of the trial court because the trial court did not err in granting summary judgment in behalf of Houston General since there are no material issues of fact and Houston General is entitled to judgment as a matter of law.

■ We must determine whether Houston General met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Best Maid purchased an umbrella insurance policy from Houston General that was to cover losses that exceeded the coverage afforded by certain underlying insurance policies, up to a limit of one million dollars. At the time Best Maid purchased the umbrella policy, it was a subscriber under the Texas Worker's Compensation Act, covered by full worker's compensation coverage, combined with employer liability coverage not to exceed $500,000.

Best Maid chose to discontinue its worker's compensation-employer liability coverage, becoming a nonsubscriber under the Texas Worker's Compensation Act. Clark's injury occurred after Best Maid became a nonsubscriber.

Best Maid continued after the accident to pay wages to Danny Clark and also paid

his medical expenses in the amount of $246,690.64. When the Clarks filed suit against Best Maid, Best Maid settled the suit for a payment of $300,000 to the Clarks and their attorney, and an annuity payable to Danny Clark costing Best Maid $403,452.18. Houston General had previously declined to tender a defense to Best Maid or to participate in the settlement of the lawsuit.

In their lawsuit, the Clarks sought damages for Danny's pain and mental anguish; any expenses for medical care, supplies, appliances, and medicine; Mrs. Clark's damages for loss of consortium and loss of household and related services; and exemplary damages of not less than one million dollars.

One of the conditions of the umbrella policy, condition (M), provides that Best Maid continue the underlying insurance policies in full force and effect. That condition further provides that Best Maid's failure to maintain the policies does not invalidate the umbrella policy but that, in that event, Houston General would only be liable to the extent that it would have if Best Maid had, in fact, maintained those policies.

We must determine, then, whether Houston General established as a matter of law that, had Best Maid continued its worker's compensation coverage, it would owe no liability to Best Maid under the terms of the policy. Danny Clark's alleged damages of pain and suffering, mental anguish, exemplary damages, lost wages, and medical expenses either would not have been recoverable against Best Maid had Best Maid continued its worker's compensation coverage in effect or they would have been fully covered by the underlying worker's compensation policy. Consequently, Houston General had no obligation to Best Maid for those damages.

■ With respect to Vicki's claim for loss of consortium and loss of services, under the terms of the settlement with the Clarks, Best Maid did not pay more than $300,000 on that claim. Under the terms of the umbrella policy, Houston General was not obligated to Best Maid except for

damages under Coverage B in an amount exceeding $500,000. Therefore, Houston General had no obligation to Best Maid for those damages. Because Houston General established that it had no liability to Best Maid with respect to any of the damages sought by the Clarks in their lawsuit against Best Maid, it established that there existed no issue of material fact, and that it is entitled to judgment as a matter of law.

■ Best Maid urges that Houston General is liable to it under the terms of the policy for any losses that it suffered in excess of $500,000 in connection with the injury suffered by Danny Clark. Houston General would not have had that liability had Best Maid not canceled its worker's liability coverage because the losses would have been covered by the underlying policy; therefore, in accordance with condition (M), it does not have that liability now.

Best Maid argues that the policy is ambiguous because in condition (M), after stating that Houston General is only liable to the extent that it would have been had Best Maid kept the underlying policies in effect, the condition goes on to say that when the insured has no recovery available because of the insolvency of the insurer or because the insured breached the contract of underlying insurance, Houston General would be liable in the amount of the excess of the applicable limit of liability specified in Schedule A of the policy.

We first note that Best Maid's failure to recover in this case is not based either on the insolvency of the underlying insurance contract, nor is it based upon its breach of the underlying insurance contract. Consequently, that section of the policy has no application to the situation at issue here. However, if we assume that it does, we note that Schedule A of the policy specifies that its excess liability of $500,000 refers specifically to Coverage B, the employer's liability portion of the underlying policy. We hold that Schedule A's reference to the requirement that the employer's liability coverage must be issued in accordance with a statutory worker's compensation policy did not make the policy ambiguous as to the coverage afforded. Schedule A affords

coverage only to losses over $500,000 under Coverage B, the employer's liability policy.

The maximum liability that Best Maid had under Coverage B was $300,000 because Danny Clark's claims would not have been covered under that portion of the underlying policy. We do not find that the portion of condition (M) upon which Best Maid relies is inconsistent with the portion of that condition upon which we rely and hold that the condition is not ambiguous as to the policy's coverage with respect to Best Maid's loss.

We agree with the numerous cases relied upon by Best Maid to the effect that Houston General is liable for losses in excess of the $500,000 on Schedule A even though Best Maid did not maintain the policy. However, as we have noted, Schedule A only refers to losses occasioned with reference to Coverage B.

Best Maid relies on the cases of *Fried v. North River Ins. Co.*, 710 F.2d 1022 (4th Cir.1983) and *Garmany v. Mission Ins. Co.*, 785 F.2d 941 (11th Cir.1986). In both of those cases these courts held that the threshold point at which an umbrella liability policy began coverage was unambiguous under the terms of the insurance policies involved in those cases. We do not find either opinion to be related to the matter at issue here; consequently, neither opinion is in conflict with our holding.

Best Maid insists that there is a fact issue with respect to how much of the settlement payments to the Clarks should be attributed to the different damages asserted by them. Although it is true that there is a fact issue as to those matters, it is also true that one can tell that as to the one measure of damage for which Best Maid might have suffered some excess liability under Schedule A, that being the damages sought by Vicki Clark, it is apparent from the settlement that those sums did not exceed $500,000. All sums in excess of $300,000 were paid to Danny Clark. Therefore, even though there might have been a fact issue as to the measure of damages attributable to the sums paid to Danny Clark in the settlement, since all of those sums would have been unrecoverable or covered by the underlying worker's compensation policy, and since none of those claims would have been covered by Coverage B, the employer's liability coverage, had the underlying policy still been in effect, such a fact issue is not a material fact issue in this case since it could have no effect on Houston General's liability to Best Maid. We hold that the trial court did not err in granting summary judgment to Houston General.

Because the trial court did not err in granting summary judgment to Houston General, it follows that it did not err in failing to grant summary judgment in behalf of Best Maid. We overrule points of error numbers one through four.

The judgment is affirmed.